# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Action No.:**

**KELLY MARTINDALE,**

    **Plaintiff,**

**v.**

**SILVERMAN & BORENSTEIN PLLC.,**

    **Defendant**

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered Limited Liability Company with the Colorado Secretary of State, having a registered agent David Silverman, 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112.

## PARTIES

8. Plaintiff Kelly Martindale is a natural person who resides in the City of Frederick, County of Weld, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Silverman & Borenstein, PLLC (hereinafter "Defendant") is a Limited Liability Company operating from an address of 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112.

## FAIR DEBT COLLECTION PRACTIES ACT

### (FDCPA)

### 15 U.S.C. §1692

10. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In creating the FDCPA, the United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasion of individual privacy. Congress enacted that FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. See 15 U.S.C. § 1692(a)-(e).

11. The FDCPA is a strict liability statute, which provides for actual damages as well as statutory damages upon the showing of any violation.

12. Violations of 15 U.S.C. §1962e should be evaluated from the prospective of the "least sophisticated consumer." *Jeter v.Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985).

13. The FDCPA is remedial statute to be liberally construed in favor of the consumer. *Johnson v. Riddle,* 305 F.3d 1107 (10th Cir. 2002).

14. To prohibit deceptive practices, the FDCPA, prohibits conduct by debt collectors using false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16)

## FACTUAL ALLEGATIONS

15. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

17. On or about March 7, 2012, Defendants filed a lawsuit in Weld County Court, case number 12CV286 in order to collect the debt from the Plaintiff.

18. The Plaintiff failed to answer the complaint timely.

19. On or about April 25, 2012, the Plaintiff retained Jill Gookin of Gookin, Krenning and Associates to defend her on the Weld County Case number 12CV286.

20. On April 25, 2012, attorney Gookin entered her appearance on the Weld County Case and filed a Motion for Leave to File an Answer Pursuant to C.R.C.P. 6(b)(2). Defendant was served electronically via Lexis/Nexis with the Entry and Motion.

21. On May 4, 2012, Plaintiff's attorney, Jill Gookin, filed an Answer on the Weld County Case. Defendant was served electronically via Lexis/Nexis with the Answer.

22. Despite actual notice that the consumer was represented by an attorney, the Defendant called the Plaintiff on May 5, 2012 in an attempt to collect a debt.

23. Defendant again called the Plaintiff regarding the debt on May 7, 2012

24. On May 23, 2012 the Defendant called the Plaintiff twice regarding the debt, once on her business number and once on her home phone.

25. Plaintiff told the Defendant not to call her.

26. The Defendant contacted the Plaintiff after they knew she was represented by an attorney in violation of 15 U.S.C. § 1692 c(a)(2).

27. The actions taken by Defendant was in violation of the FDCPA, 15 U.S.C. §§ 1692 c(a)(2), 1692e 1692f.

### *Respondeat Superior Liability*

28. The acts and omissions of the individual collector, Maggie and Janice, as agents employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

29. The acts and omissions by these individual employees was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

30. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

31. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and

federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

 s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
770 N. Lincoln
Loveland, Colorado 80537
Telephone:  (970) 988-0473
Facsimile: (888) 465-8045
Email: jill@gkalaw.com
**Attorney for Plaintiff**

s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning and Associates, LLC
770 N. Lincoln
Loveland, Colorado 80538
Telephone:  (970) 449-4301
Facsimile: (970) 449-4302
Email: troy@gkalaw.com
**Attorney for Plaintiff**

s/Andrea Carter Fulton
**Andrea Carter Fulton**
Gookin, Krenning & Associates, LLC
770 N. Lincoln
Loveland, CO 80538
Telephone:  (970) 449-4301
Facsimile: (970) 449-4302
Email: andrea@gkalaw.com
**Attorney for Plaintiff**